IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS McARTHUR SUTTON, III, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-22-0157 |
| DIRECTOR GAIL WATTS, et al., | * | |
| Defendants. | * | |

**MEMORANDUM**

Plaintiff Douglas McArthur Sutton, III, who is proceeding without counsel, filed suit for damages pursuant to 42 U.S.C. § 1983 against Director Gail Watts, Capt. Patilla, Sgt. Carter, II, Sgt. McDowell, Sgt. Salisbury, and Ofc. Sherman. ECF 1 & 3.[1] Sutton alleges that on January 9, 2022, while housed in protective custody at the Baltimore County Detention Center ("BCDC"), he was assaulted by another inmate and suffered serious injury due to defendants' actions. ECF 1 & 6-1. Sutton also complains that the defendants failed to provide him with access to necessary medical care following the incident. ECF 1, at 3-4; ECF 6-1, at 2–5. Additionally, Sutton alleges that defendant Salisbury assaulted him twice with the unnecessary use of pepper spray. ECF 1, at 3; ECF 6-1, at 2–3. When defendants failed to file a timely response, Sutton moved for an entry of default. ECF 19. The same day, defendants filed a motion to dismiss the complaint, arguing that Sutton failed to exhaust his administrative remedies and did not state a constitutional claim, and they contend they are entitled to qualified immunity. ECF 20 & 20-1. Sutton argues in opposition that the Court should be able to assess the "evidence" submitted and make a decision.

---

[1] Sutton initially referred to " Officer Tramin," but later corrected his complaint to reflect the correct name of as "Officer Sherman." ECF 3, at 1.

ECF 23, at 1.  Defendants did not file a reply.  No hearing on the motion is necessary.  *See* Loc. R. 105.6.  For the reasons stated below, the parties' motions are denied.

**I.     Background**

Sutton alleges that on January 9, 2022, the tier officer, defendant Sherman, told him it was time to leave his cell to receive medication.  ECF 1, at 2.  After he left his cell, another inmate, Joshua Jerome Brown, who was housed in a different cell on the same tier in protective custody, assaulted him.  *Id.* at 2–3.  Sutton tried to avoid a fight, but he fell, and Brown assaulted him further.  ECF 1, at 3.  He and Brown were "verified keep separates" from each other.  *Id.*; ECF 6-1, at 1.  Sutton alleges that Brown jammed his door to keep it from being properly secured so that he could get out and assault Sutton, and he asserts that defendants Sherman and Carter, who were in the observation bubble, should have noticed "the obvious indicator on the computer screen." ECF 6-1, at 1; ECF 1, at 3.  He complains that the incident reports did not mention that "Brown manipulat[ed] his cell door" for this "pre-meditated assault," but rather described the fight as "mutual combat."  ECF 6-1, at 1–2.

Sutton's injuries from Brown's assault included a broken tooth, swollen jaw, sore neck, bruise on left knee, bruise on right leg, bruise on right shoulder, abrasions to his right forearm, and an infected cut on his left foot. ECF 1, at 4.  Sutton requested medical treatment immediately after the assault, but his request was denied.  ECF 1, at 3–4; ECF 6-1, at 2–5.  He made requests on the intercom, and they were ignored.  ECF 6-1, at 3.  Five hours after the assault, he "was still bleeding" from where his "broken tooth cut into [his] tongue," and "the swelling of [his] jaw was to the point that [he] had gaps between all [his] teeth on [his] lower left jaw."  *Id.*  He flooded his cell to get an officer's attention so that he could make another request for medical attention.  ECF 1, at 3; ECF 6-1 at 2–3.  Defendant Salisbury, accompanied by other officers, came to Sutton's

cell to turn off the water and dispensed "pepper spray" into the cell. ECF 1, at 3; ECF 6-1, at 3. Salisbury told Sutton to put his hands behind his back to "cuff up." ECF 1, at 3; ECF 6-1, at 3. Sutton insists that he complied with the order, even though Salisbury said otherwise in the incident report. ECF 1, at 3; ECF 6-1, at 3. His cell door was then opened and, while Sutton was handcuffed with his back to the officers, defendant Salisbury sprayed him again with mace, this time in his left eye and on the back of his neck. ECF 1, at 3; ECF 6-1, at 3. Sutton then—more than five hours after the assault—was taken to the medical unit. ECF 6-1, at 4.

After his initial visit to medical, Sutton submitted six sick call slips for medical treatment, and all were denied. ECF 6-1, at 5. Sutton received a January 24, 2022 notice from the medical department stating that due to the COVID-19 pandemic and jail lockdown, they were responding only to medical emergencies and his condition was not considered a medical emergency. *Id.*; ECF 6-3, at 4.

Sutton states that he attempted to file a "200 form" to complain about the assault, but he was "deprived" of the form by officers on every shift. ECF 1, at 4.

## II. Standard of Review

Defendants move to dismiss the complaint for failure to state a claim. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the plaintiff must have pleaded facts demonstrating he has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted

unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). On a Rule 12(b)(6) motion, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438

F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'"  *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III. Discussion

#### A. Sutton's Motion for Entry of Default

On April 28, 2022, the Court ordered defendants to respond to the complaint within 60 days.  ECF 16.  Defendants did not meet this deadline.  On August 18, 2022, Sutton moved for entry of default.  ECF 19.  The same day, defendants filed their motion to dismiss.  ECF 20.  They also opposed Sutton's motion for entry of default, stating that their failure to respond was an oversight.  ECF 21.

Default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The decision to enter default is left to the discretion of this Court.  *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002).  The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Circ. 2010).  Given that defendants responded to the complaint the same day Sutton moved for entry of default, Sutton's motion is denied.  *See id.*

#### B. Exhaustion

Defendants assert that Sutton's complaint should be dismissed because he failed to exhaust his administrative remedies.  ECF 20-1, at 4–5.  The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under

5

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim. *See Ross v. Blake*, 578 U.S. 632 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).

An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 635–36. The Court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). "The Supreme Court has identified certain circumstances in which an official grievance policy is not 'capable of use' in this sense," including "situations in which officials 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Moss v. Harwood*, 19 F.4th 614, 621 (4th Cir. 2021) (quoting *Ross*, 578 U.S. at 644).

"[F]ailure to exhaust available administrative remedies is an affirmative defense, not a jurisdictional requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it." *Moore*, 517 F.3d at 725 (citing *Jones v. Bock*, 549 U.S. 199, 210–24 (2007)).

Even though Sutton did not need to plead exhaustion in his complaint, he refers to his exhaustion efforts twice. In response to the question in the form complaint asking whether he filed a grievance, Sutton placed an "X" in the box marked "YES," and a check mark in the box marked "NO," and stated: "I'm in pretrial." ECF 1, at 2. In the narrative of his complaint, Sutton states that he attempted to file a "200 form" to complain about the incident, but he was "deprived" of the form from officers on every shift. *Id.* at 4. In response to these allegations, defendants offer no

6

contrary evidence. They have not established that Sutton failed to exhaust available administrative remedies. The motion to dismiss for failure to exhaust is denied.

### C. Failure to State a Claim

Defendants assert that Sutton failed to state a constitutional claim based on Brown's assault on him, the delayed provision of medical treatment following the assault, or Salisbury's use of pepper spray. ECF 20-1, at 5–9. The Court disagrees. Sutton, a pre-trial detainee, alleges conduct that, if proven, amounts to violations of his Fourteenth Amendment rights.

#### 1. Failure to Protect

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)). Accordingly, the deliberate indifference standard applies "where prison officials are accused of deliberate indifference to a substantial risk of serious harm to prison inmates" or pretrial detainees. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (citing *Young*, 238 F.3d at 575). To prevail on a claim for failure to protect from attack by another inmate or detainee, a plaintiff must show that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate

health and safety; the official must both [have been] aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] drawn the inference." *Farmer*, 511 U.S. at 837–38; *see also Thompson*, 878 F.3d at 97–98.

Here, Sutton claims that defendants knowingly housed him on the same tier as Brown even though corrections officials previously had decided he should be separated from Brown. Further, Sutton alleges that officers then allowed Brown's door to be left unlatched, creating a situation where Brown could, and in fact did, assault him. Thus, Sutton alleges that defendants knew that proximity to Brown was an excessive risk to his safety and nevertheless allowed Brown to leave his cell at the same time as Sutton and to assault him. Sutton has adequately stated a failure to protect claim. *See Farmer*, 511 U.S. at 837–38; *Thompson*, 878 F.3d at 97–98.

### 2. Excessive Force

To state a claim based on use of excessive force in violation of his Fourteenth Amendment rights as a pre-trial detainee, a plaintiff must allege that "the use of force is deliberate – *i.e.*, purposeful or knowing." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). To do so, he does not need to allege what the defendants were thinking; he needs to allege only that "the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97. Whether the force was "objectively unreasonable . . . turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court determines reasonableness "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397.

Sutton states that Salisbury sprayed him with pepper gas while he was locked in his cell, and again when his hands were cuffed behind his back and after he complied with an order to turn

around to be cuffed.  These actions, if proven, are objectively unreasonable.  Sutton has stated a claim against Salisbury for excessive use of force.  *See Kingsley*, 576 U.S. at 397.

### 3. Delay in Medical Care

Under the Eighth Amendment, the government also must "provide medical care for those whom it is punishing by incarceration."  *Estelle*, 429 U.S. at 103.  Any "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  This Eighth Amendment protection also extends to pretrial detainees through the Due Process Clause of the Fourteenth Amendment.  *Young*, 238 F.3d at 575.  Therefore, "deliberate indifference to the serious medical needs of a pretrial detainee violates the Due Process Clause." *Id.*; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (concluding that, because "deliberately indifferent conduct" is sufficient for liability under the Eighth Amendment, it "must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial").  To prevail on a claim based on the alleged denial of medical care, a plaintiff must establish that defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs."  *See Estelle*, 429 U.S. at 106; *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).

A delay in medical care violates the Eighth Amendment if, objectively, it put the inmate "at a 'substantial risk' of 'serious harm'" and "the defendants 'subjectively recognized' that there was such a risk and that their 'actions were inappropriate in light of that risk.'"  *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (quoting *Scinto*, 841 F.3d at 225, and then *Anderson*, 877 F.3d at 545); *see Smith v. Smith*, 589 F.3d 736, 738–39 (4th Cir. 2009) ("mere delay . . . can be sufficient to constitute a violation of the Eighth Amendment" if "'the prison official acted with a sufficiently

culpable state of mind and . . . [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious.'" (quoting *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008)). A delay causes substantial harm if the result is "a 'marked' exacerbation of the prisoner's medical condition or 'frequent complaints of severe pain.'" *Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018) (citing *Webb v. Hamidullah*, 281 F. App'x 159, 166–67 (4th Cir. 2008)); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

Sutton alleges that during the fight with Brown, he suffered a broken tooth, swollen jaw, sore neck, bruises on his left knee, right leg, and right shoulder, abrasions to his right forearm, and a cut on his left foot that got infected. ECF 1, at 4. Because he was not treated, his broken tooth cut his tongue and he was still bleeding five hours after the fight, at which time "the swelling of [his] jaw was to the point that [he] had gaps between all [his] teeth on [his] lower left jaw." ECF 6-1, at 3. He alleges the officer defendants knew about his injuries because they broke up the fight. He further alleges that he repeatedly requested care from the officers, but they did not take him to the medical unit until five hours later. Sutton states a claim for deliberate indifference to his serious medical needs.

### D. Qualified Immunity

Defendants assert that they are entitled to qualified immunity for their actions based on Sutton's failure to state a constitutional claim. ECF 20-1, at 9–10. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally . . . are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When

deciding whether the doctrine of qualified immunity applies, the Court considers (1) "'whether the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right'" and (2) "whether the right at issue was 'clearly established' at the time of [the] alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds as stated in Pearson*); *Hicks v. Ferreyra*, 965 F.3d 302, 307 (4th Cir. 2020). Sutton has alleged violations of his constitutional rights, and his claims will not be dismissed on qualified immunity grounds at this juncture. *See Pearson*, 555 U.S. at 232.

**IV.   Conclusion**

Sutton has adequately alleged three constitutional claims under Section 1983. By separate Order which follows, Sutton's motion for entry of default is DENIED and defendants' motion to dismiss is DENIED.

February 17, 2023
Date

_____
Deborah L. Boardman
United States District Judge